Lucy G. Mason v. Commissioner.
Mason v. Commissioner
Docket No. 90758.
United States Tax Court
T.C. Memo 1962-100; 1962 Tax Ct. Memo LEXIS 207; 21 T.C.M. (CCH) 557; T.C.M. (RIA) 62100; April 27, 1962
*207 James J. Arditto, Esq., 727 W. 7th St., Los Angeles, Calif., for the petitioner. Robert L. Gnaizda, Esq., for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: The Commissioner determined a deficiency in the petitioner's income tax for the calendar year 1957 in the amount of $2,951.35. Some of the items in dispute have been conceded by the parties. The only issue remaining for decision is whether the petitioner is entitled to deduct all or any part of certain legal fees claimed as a deduction on her 1957 income tax return. Findings of Fact Some of the facts are stipulated and are found as stipulated. The petitioner filed her Federal income tax return for the calendar year 1957 with the district director of internal revenue, Los Angeles, California. The petitioner, during the years in question, was married to Verne R. Mason. Sometime in 1956 or prior thereto, the petitioner and her husband were separated. During the years 1956 and 1957 James J. Arditto, an attorney, hereinafter referred to as petitioner's attorney, was employed by petitioner to obtain on her behalf a separation agreement. In August or September 1956 a separation agreement *208 was entered into between the petitioner and her husband which provided for a division of property between them and for payments to the petitioner of $2,225 per month until July 10, 1957, and thereafter of $2,000 per month until either the petitioner or her husband died or the petitioner remarried. The property which the wife was to receive under the agreement included a residence, two automobiles, a bank account, two farms (one recorded in the petitioner's name and the other recorded in her husband's name), and certain personal and household effects. The agreement also contained provisions relating to certain insurance policies providing that the petitioner should remain the beneficiary of them during her lifetime. A legal fee of $5,000 covering the services of petitioner's attorney was paid during 1956 and 1957. Part of this sum was paid by a check numbered 131, dated December 31, 1956, in the amount of $2,600. This check bore a bank endorsement dated January 4, 1957. Petitioner's check numbered 132, made out to the firm of which petitioner's attorney was a member, was also dated December 31, 1956, and bore a bank endorsement dated December 31, 1956. The remaining $2,400 was paid *209 during 1957 in installments of $200 per month. Fifty percent of the amount of sums paid during 1957 is attributable to obtaining of periodic payments which would be includable in the petitioner's gross income. Opinion The respondent contends that the petitioner has failed to show that a portion of the legal fee, $2,600, was paid in 1957 and further contends that a portion of the $2,400 concededly paid in 1957 is nondeductible because it did not relate to services performed in connection with the production of income. We agree with the respondent with respect to the first contention and further agree that a portion of the fee paid in 1957 is not deductible. The petitioner has not established that the $2,600 paid by the check dated December 31, 1956, was paid in 1957. Delivery of a check may constitute payment for purposes of determining the year in which a sum is deductible by a cash basis taxpayer. . It has been held that the mailing of a check properly addressed constitutes delivery to the addressee. Witt's Estate v. Fahs, ( ). Both the petitioner and the payee testified *210 that they had no recollection as to the time or manner of delivery of this check. Certain circumstantial evidence tends to indicate that the check was delivered in 1957. However, certain other circumstantial evidence tends to show that the check may have been delivered in 1956. In addition, the petitioner on her return for 1956 claimed this sum as a deduction. In consideration of all of these factors, we cannot find that the petitioner has established by a preponderance of the evidence that this sum was paid in 1957. The petitioner has not shown that all of the $2,400 actually paid in 1957 is deductible. Legal fees paid in connection with a separation agreement are deductible to the extent that they relate to the production of taxable income. , affd. (C.A. 2, 1951). Such fees are not deductible to the extent that they relate to receipts which are not taxable income. . Nor are such legal expenses deductible if they relate to the acquisition of title to income-producing property; such payments are properly capital expenditures. . *211 The testimony indicates that a large percentage of the negotiations prior to the entry of the separation agreement related to the establishment of the amount of the alimony payments. However, the office file of petitioner's attorney indicates that a substantial amount of legal work was done in 1956 and 1957 in carrying out the terms of the agreement which pertained to the disposition of various items of property. There is no evidence that the fee in question did not constitute payment for this work. The petitioner has argued that a portion of the sums paid in 1957 should be deductible because it related to the "retention" of income-producing property. In doing so, she refers to two farms, one of which was in her name prior to the settlement agreement, the other in her husband's. Other than the statement by the petitioner's attorney that the property was retained by the petitioner, we have only the reference in the property settlement agreement to the party in whose name the property stood at the time the property settlement was entered. We take this to refer to the record title to the property and not to the actual ownership of it. Thus, the evidence is not sufficient for us to *212 find that the property was retained by the petitioner and not acquired by her. Therefore, we are unable to rule that the fees relating to these farms are not expenses of acquiring title to property. Such expenditures would be capital in nature. However, even if the petitioner actually held title to these farms prior to the settlement agreement, this result would not be changed. The only reason for including these farms in the settlement agreement would be to perfect the petitioner's title to them. Expenditures made to perfect title to property are also capital in nature. . We cannot make a precise apportionment on the basis of taxable and nontaxable receipts, as was done in , because the record does not contain the requisite figures. However, taking into consideration the amount of the alimony payments and the various other properties received, and applying the rule of (C.A. 2, 1930), we have determined that 50 percent of the sums paid in 1957 are deductible as expenses for the production *213 of income. Decision will be entered under Rule 50.